## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN MEDWED, Individually and On Behalf Of All Others Similarly Situated, | Case No. |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| PRINCIPAL FUNDS, INC., THE PRINCIPAL FINANCIAL GROUP, and R.C. EUCHER, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Steven Medwed, by his undersigned attorneys, brings this class action complaint against Principal Funds, Inc. ("Principal Funds"), the Principal Financial Group ("Principal Financial"), and R.C. Eucher. Plaintiff's allegations are based upon knowledge as to his own acts and upon information and belief as to all other matters. Plaintiff's information and belief is based upon, among other things, the investigation undertaken by his attorneys, which investigation has included, without limitation: (1) review of Principal Funds' published materials and information available on the internet; (2) review of Principal Funds' filings with the Securities and Exchange Commission ("SEC"); (3) news sources, articles, and other publications; and (4) information contained in various newspapers, magazines and other publications concerning the conduct alleged herein. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.     This is a class action brought against Principal Funds for violations of Sections 11

and 12(a)(2) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. 77k 77l(a)(2), and

against Principal Financial and R.C. Eucher for violation of Section 15 of the Securities Act, 15

U.S.C. ' 77o, in connection with Principal Funds' issuance of a post-effective amendment to its

Form N-1A registration statement and prospectus included therein for its Class A, Class B, and

Class C shares effective March 1, 2009 (the "Registration Statement" and "Prospectus,"

respectively).   Specifically, Plaintiff alleges that the Registration Statement and Prospectus

included therein contains false and misleading statements and omissions of material fact which

mislead Plaintiff and a class of similarly situated investors who redeemed securities pursuant

thereto between March 1, 2009 through and including the present (the "Class Period").

2.     Pursuant to the Registration Statement and Prospectus, Principal Funds offers

investors various investment portfolios.

3.     Pursuant to the Registration Statement and Prospectus, shareholders can redeem

by mail their shares invested in the Funds, in amounts of $100,000 or more. See Prospectus at

pages 189-190.  The Prospectus cites the following procedure for shareholders to redeem their

shares held in the Funds by mail:

**Sell shares by mail**

•     Send a letter or distribution form (call us for the form) which is signed by
the owner/owners of the account to Principal Funds, P.O. Box 8024, Boston, MA
02266-8024.  Specify the Fund(s) and account number.

4.     This provision would lead the reasonable investor into believing that his or her

redemption order will be priced on the date it arrives at the P.O. Box in Boston.  However, this

provision is materially misleading and fails adequately to disclose Principal Funds' procedures

for processing redemption orders sent by mail.

5.      Indeed, the Prospectus (at page 194) provides that

shares are bought and sold at the current share price.  The share price of each class of each Fund is calculated each day the New York Stock Exchange ("NYSE") is open (share prices are not calculated on the days on which the NYSE is closed for trading …).  The share price is determined as of the close of business of the NYSE (normally 3:00 p.m. Central Time).  When an order to buy or sell shares is received, the share price used to fill the order is the next price we calculate after we receive the order at our transaction processing center in Canton, Massachusetts.  To process your purchase order the day we received it, we must receive the order (with complete information):

- On a day that the NYSE is open and
- Prior to the close of trading on the NYSE (normally 3 p.m. Central Time).

Orders received after the close of the NYSE or on days that the NYSE is not open will be processed on the next day that the NYSE is open for normal trading.

6.      When read together, the provisions on pages 189-190 and 194 of the Prospectus are materially misleading because they fail to disclose to Principal Funds' shareholders who sell their shares by mail that the share trading price calculated by Principal Funds to fill an order to sell shares is not the trading price of shares on the day that the redemption order arrives at the Boston P.O. Box set forth in the Prospectus, but rather the day that it is processed at a location in Canton, Massachusetts.  Notably, mail received at the Boston address is not delivered to Canton until after the close of the NYSE.  Thus, shareholders who follow the Prospectus' policy of mailing redemption orders to the Boston P.O. Box receive a trading date for their shares on the day *following* the day they expected to redeem their shares.

7.      Consequently, to the detriment of Plaintiff and the other members of the Class, shareholders suffer losses when the trading price decreases between the day that the redemption order is received at the Principal Funds' P.O. Box in Boston to the trading day that it is deemed to have arrived at  Principal Funds' transaction processing center located in Canton.  Principal

3

Funds' delay in pricing redemption requests received by mail is not adequately disclosed in the prospectus.

8.　　The Prospectus also fails to disclose that Principal Funds accepts redemption requests from those wanting to redeem more than $100,000 in holdings by mail or delivered directly to its Canton office.

9.　　Principal Funds has a duty to disseminate truthful and accurate information, and to promptly correct any public statements previously issued by or on behalf of Principal Funds. As a result of Principal Fund's failure to fulfill that duty, Plaintiff and other similarly situated shareholders who invested in the Funds and sought redemption by mail suffered damages when their redemption orders were mailed to Principal Funds' Boston P.O. box if their shares were trading at higher prices than the following day prices when the redemption order was shipped from the Boston P.O. Box to Principal Funds' transaction processing center in Canton.

## JURISDICTION AND VENUE

10.　　The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o.

11.　　This Court has jurisdiction over this action pursuant to section 22 of the Securities Act, 15 U.S.C. §77v. Defendants transact business in this District, as the Prospectus directs shareholders to mail redemption requests to Public Funds' P.O. Box located in this District. Redemption requests mailed to that P.O. Box are shipped to and processed at a transaction processing center also located in this District.

12.　　Venue is proper within this jurisdiction pursuant to section 22 of the Securities Act, 15 U.S.C. §77v, as many of the acts challenged herein have occurred, and are occurring, in this District. Namely, Plaintiff and members of the Class mailed their redemption requests to a

P.O. Box located in this District and had those orders subsequently processed in a transaction processing center located in this District.

## PARTIES

13.    Plaintiff Steven Medwed has at all relevant times been a shareholder invested in Principal Funds. Plaintiff is a resident of West Bloomfield, Michigan.

14.    Principal Funds is an open-end management investment company registered with the SEC with its principal offices in Des Moines, Iowa.

15.    Principal Financial is a global financial company incorporated in Delaware and headquartered at 711 High Street, Des Moines, Iowa 50392. Principal Financial offers businesses, individuals, and institutional clients worldwide a wide range of financial products and services, such as offering life insurance, retirement and investment services, life and health insurance, and mortgage banking. Principal Financial became a public company on October 23, 2001. Principal Financial is the parent company of Principal Funds.

16.    Defendant R.C. Eucher ("Eucher") has, at all times relevant hereto, served as Chief Executive Officer and Chairman of the Board of Principal Funds. Defendant Eucher signed the Registration Statement on February 27, 2009.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action on his own behalf and on behalf of all similarly situated individuals who: (i) redeemed their shares in Principal Funds by mailing an order to sell to Principal Funds, P.O. Box 8024, Boston, MA 02266-8024; (ii) had their redemption orders shipped from that P.O. Box to Canton, MA so that they arrived after the NYSE had closed on the day that the redemption orders arrived at that P.O. Box; (iii) were assigned a trading date for their shares when their redemption order arrived at Principal Funds' processing center in Canton,

MA, instead of the day their redemption order arrived at that P.O. Box; and (iv) suffered losses as a result of applying the later trading date (the "Class").

18.     This action is properly maintainable as a class action.

19.     The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are, at a minimum, hundreds of members of the Class who redeemed their shares in Principal Funds by mail pursuant to the procedure set forth in the Prospectus and suffered losses as a result thereof. The disposition of Class members' claims in a class action will be of benefit to the parties and to the Court.

20.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. Among the questions of law and fact which are common to the Class, and which predominate over questions affecting any individual Class member are, *inter alia*, the following:

(a)     whether defendants issued a materially false and misleading Registration Statement and Prospectus;

(b)     whether Defendants violated the Securities Act; and

(c)     whether, and to what extent, Plaintiff and the members of the Class have been damaged by Defendants' violations of the Securities Act, and the proper measure of damages.

21.     Plaintiff is a member of the Class and is committed to prosecuting this action. Plaintiff has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class as Plaintiff and members of the Class were affected similarly by Defendants' wrongful conduct in violation of the Securities Act.

22.    Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff does not have interests antagonistic to or in conflict with those they seek to represent. Plaintiff is, therefore, an adequate representative of the Class.

23.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this action as a class action.  The likelihood of individual Class members prosecuting separate individual actions is remote due to the relatively small loss suffered by each Class member as compared to the burden and expense of prosecuting litigation of this nature. Absent a class action, Defendants are likely to avoid liability for their wrongdoing, and Class members are unlikely to obtain redress for the wrongs alleged herein.

## NO STATUTORY SAFE HARBOR

24.    The statutory safe harbor provisions of the Securities Act provided for certain forward-looking statements does not apply to any of the false or misleading statements pleaded herein, because: (i) none of the false or misleading statements were identified in the Prospectus as "forward-looking statements" and accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the "forward-looking statements"; (ii) the information contained in the false and misleading statements is material information; (iii) at the time that Defendants issued the false and misleading statements, they were made or approved by an executive officer with actual knowledge that the statement was false or misleading; and (iv) the statements in question describe an existing practice.

## SUBSTANTIVE ALLEGATIONS

25.    Plaintiff held shares in the Principal Funds.  In accordance with the procedure for

redeeming shares by mail as directed by pages 189-190 of the Prospectus, Plaintiff mailed an order to redeem his shares to Principal Funds, P.O. Box. 8024, Boston, MA 02266-8024. Plaintiff's order to redeem was received at that P.O. Box on September 30, 2009.

26.     However, plaintiff's order to redeem his shares was not picked up from that P.O. Box and delivered to Principal Funds' processing center in Canton, MA until after the market had closed on September 30, 2009.  Accordingly, once plaintiff's redemption request arrived at the Canton processing center, it received a trade date of October 1, 2009 instead of September 30, 2009.

27.     On November 20, 2009, Plaintiff sent a letter to Larry Zimpleman, Chairman, President, and Chief Executive Officer of Principal Funds Distributor, Inc.[1]  A true and accurate copy of the aforementioned letter is attached hereto as Exhibit A. Karen E. Shaff, Executive Vice-President and General Counsel of Principal Funds Distributor, Inc., and Nora M. Everett, Senior Vice President of Principal Funds Distributor, Inc. stating in pertinent part:

> I am a shareholder of your funds dating back to 07-14-2003.   I have recently encountered problems in liquidating two of my funds.  When inquiring about the trades with your transfer agent, Boston Financial Data Services (BFDS), I was informed the trades had been scanned in at 5:01 PM EST on 09-30-09, however received trade dates of 10-01-09. Based on the information, I tried to correct what appeared to be an error, meaning the requests were on your property (your P.O. box) by the correct time and date (4:00 PM EST on 09-30-09) but the clerk scanning at BFDS failed to attach a note to that effect.   At this point Steve Marchi, operations manager at Principal Funds contacted me.
>
> * * *
>
> Now understanding you take no responsibility at your P.O. box I asked; **if the requests have to be at the street address many miles away why are you directing mail to the P.O. box?**  After

---

[1]     Principal Funds Distributor, Inc. is the distributor of Principal Funds and the principal underwriter for the Funds' Class A, Class B, and Class C shares.

checking with BFDS again, he said this is where mail is pre-sorted most economically due to BFDS representing numerous other investment companies, therefore deliveries to the street address can be distributed more efficiently. **He then presented this second line of defense; the mail pickup in question was at 4:15pm and after the 4:00 PM market close. Well, being scheduled by Principal Funds this was your choice, but in doing so you've created a timing issue and again take no responsibility at your P.O. box.**

So let me get this straight; I'm mailing to a P.O. box under your instruction, for your benefit of sorting/distribution, and you won't even take responsibility the P.O. box is your property (arm/extension of your office)? **To make matters worse you are either purposefully or haphazardly scheduling mail pickups right after the market close.**

Neither I nor anyone else understands this business rational or the logic behind it and where the logic ends. I questioned Mr. Marchi about this and received no response. **That would leave this as an open-ended proposition, which could be one day, one week, or whenever you decide to pick up, it doesn't matter, thus the shareholder is compromised.** With this logic, you would be allowed to send a courier once a week at any time and that would be OK. The fact that the requests were in the P.O. box at least by the close of business on 09-30-09 if not before means nothing because according to you; first it had to be at the street address; then second, you can claim it came within the 15 minutes prior to the pickup as opposed to the other four hours (16 times the 15 minutes you can claim) prior to the pickup.

\* \* \*

**Furthermore fairness would also dictate that if mail is directed to the P.O. box, pickups would be monitored closely and picked up at the 4:00 PM market close, not 15 minutes shortly thereafter.**

\* \* \*

**Communicating to shareholders that a purchase or redemption is only in good order when it arrives at the street address is also OK, but don't fool people by directing them to a P.O. box that's not properly monitored,** then try to weasel out because you weren't there on a timely basis.

9

> I will not tolerate the losses I've suffered due to your improprieties. Attached herewith is a detailed spreadsheet for my $4,680.00 of losses.

Emphasis added.

28.    Thus, based on Mr. Marchi's explanation of Principal Funds' procedure for processing redemption orders sent by mail, Principal Funds schedules a pickup of sale orders sent to its Boston P.O. Box **after** 4:00PM market close that day and ships them to Canton where the orders are processed and assigned a trade date on the following day.  As such, the Prospectus misleads shareholders by directing them to mail sale orders to a Boston P.O. Box without disclosing that those redemption orders will not receive a trade date on the date that they arrive at the P.O. Box but instead will receive a trade date on the following day after they are shipped to a processing center in Canton.

29.    In response to Plaintiff's November 20, 2009 letter, Cary Fuchs, Vice President of Mutual Fund Operations for Principal Funds sent Plaintiff the following letter dated December 1, 2009, a true and correct copy of which is attached hereto as Exhibit B, stating in pertinent part:

> I am responding on behalf of Larry Zimpleman to your inquiry regarding two redemption requests on the referenced account and your request for Principal Funds to compensate you $4,680, which represents the difference between the proceeds received on October 1, 2009 and what would have been received had the redemption requests been received in time to be processed as of September 30, 2009.
>
> \* \* \*
>
> Please refer to the paragraph entitled "Pricing of Fund Shares" that appears on page 194 of the March 1, 2009 prospectus for Class A, B and C shares, which states "When an order to buy or sell shares is received, the share price used to fill the order is the next price we calculate after we receive the order at our transaction processing center in Canton, Massachusetts."

Our findings indicated that your requests received the appropriate trade date of October 1, 2009. I am sorry that we are unable to accommodate your request for payment of $4,680.

30.     Mr. Fuchs' letter acknowledged that Plaintiff's redemption requests were not picked up from the Boston P.O. Box until after the market had closed on September 30, 2009. Mr. Fuch's letter further confirmed that Plaintiff suffered investment losses of $4,680 as a result of his redemption requests being processed on October 1, 2009 as opposed to being processed on September 30, 2009 when Plaintiff's requests arrived at the Boston P.O. Box. At the same time, Mr. Fuchs failed to address the provision on pages 189-190 of the Prospectus entitled **"Sell shares by mail"** which conflicts with the provision on page 194 entitled **"PRICING OF FUND SHARES,"** and how those two provisions are to be reconciled.

31.     Attached hereto as Exhibit C is a true and correct copy of a letter dated December 16, 2009 that Plaintiff sent to Mr. Fuchs in response to his November 20 letter to Plaintiff. Mr. Fuchs subsequently responded to Plaintiff by letter dated December 30, 2009, a true and correct copy is attached hereto as Exhibit D, simply reiterating that pursuant to page 194 of the Prospectus, Principal Funds' policy towards redemption requests of its Funds is that, "When an order to buy or sell shares is received, the share price used to fill the order is the next price we calculate after we receive the order at our transaction processing center in Canton, Massachusetts."

32.     Principal Funds' procedure for handling redemption requests by mail described by Mr. Fuchs is inconsistent with the policy represented on pages 189-190 of the Prospectus, which misleads shareholders into believing that they will receive a trade date for their shares on the day that their redemption requests arrive at Principal Funds' P.O. Box in Boston. The Prospectus fails to disclose to shareholders that, to the contrary, Principal Funds does not pickup

redemption orders from its P.O. Box until after the market closes and thus redemption orders will not be processed until the following day. As a result, shareholders who submit their redemption requests by mail to Principal Funds' P.O. Box are required to do so without knowing the trade price that they will receive for their shares because they are locked into whatever the trade price ends up being on the following day.

33.    As a direct consequence of receiving a trade date for his shares on October 1, 2009 instead of on September 30, 2009, Plaintiff suffered a loss in value of $4,680.00. Had Principal Funds either assigned a trade date on the date that Plaintiff's redemption order arrived at the P.O. Box provided in the Prospectus or had the Prospectus directed Plaintiff to mail his order to redeem directly to Principal Funds' processing center in Canton by the close of the market on September 30, 2009, Plaintiff would not have suffered such losses.

34.    The Prospectus also fails to disclose that Principal Funds accepts redemption requests from those wanting to redeem more than $100,000 in holdings by mail or delivered directly to its Canton office.

35.    As a direct result of Principal Funds' issuance of a false and misleading Registration Statement and Prospectus, as described above, Plaintiff and the Class have been damaged in the amount of the difference between the value of their shares using the trade price on the day that redemption orders arrived at Principal Funds' P.O. Box in Boston and the value of their shares using the trade price on the following day that their redemption orders arrived at Principal Funds' processing center in Canton.

## CLAIM I

### Violation of Section 11 of the Securities Act
### (Against Principal Funds)

36.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

37.     Claim I is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, against Principal Funds.

38.     Principal Funds was the issuer of the Registration Statement within the meaning of Section 11 of the Securities Act, which Registration Statement was filed with the SEC.

39.     The Registration Statement was materially false and misleading and contained untrue statements of material fact and omitted to state material facts necessary to make the statements made therein, under the circumstances they were made, not misleading. As the issuer of the Class A, Class B, and Class C shares of stock offered for investment by Principal Funds, Principal Funds is liable for the untrue statements of material fact and material omissions contained in the Prospectus.

40.     At the time that Plaintiff and members of the Class submitted redemption requests to Principal Funds by mailing such requests to Principal Funds' P.O. Box located in Boston, MA, Plaintiff and members of the Class did not know, or by reasonable exercise of care could have known, of the material misstatements and omissions alleged herein.

41.     Principal Funds failed to make a reasonable investigation and did not possess reasonable grounds for the belief that the statements contained in the Registration Statement were accurate and complete in all material respects. Had it exercised reasonable care, Principal Funds would have known of the material misstatements and omissions alleged herein.

42.     As a direct result of the untrue statements of material facts and omissions contained in the Registration Statement, Plaintiff and the Class have been damaged in the amount of the difference between the value of their shares using the trade price on the day that redemption orders arrived at Principal Funds' P.O. Box in Boston and the value of their shares using the trade price on the following day that their redemption orders arrived at Principal Funds' processing center in Canton.

43.     This Claim was brought within one year after discovery of the untrue statements and omissions in the Registration Statement and within three years after Principal Funds' securities were sold to Plaintiff and members of the Class in connection with the Registration Statement.

44.     By reason of its misconduct, as set forth above, Principal Funds violated Section 11 of the Securities Act and is liable to Plaintiff and the Class members who redeemed their investments in the Principal Funds pursuant the untrue statements and omissions in the Registration Statement, each of whom has been damages as a result of such violations.

## CLAIM II

### Violations of Section 12(a)(2) of the Securities Act
### (Against Principal Funds)

45.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

46.     Claim II is brought pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77*l*(a)(2), on behalf of Plaintiff and the Class, against Principal Funds.

47.     Defendant Principal Funds offered and issued a security, namely shares of Class A, Class B, and Class C stock within the Principal Funds, by means of a Prospectus as part of the Registration Statement filed with the SEC during the Class Period.

48.     The Prospectus contains untrue statements of material facts and omits to state material facts required to be stated therein or necessary to make the statements made in the Prospectus, in the light of the circumstances under which they were made, not misleading, as set forth above.

49.     At the time that Plaintiff and members of the Class submitted redemption requests to Principal Funds by mailing such requests to Principal Funds' P.O. Box located in Boston, MA, Plaintiff and members of the Class did not know, or by reasonable exercise of care could have known, of the material misstatements and omissions alleged herein.

50.     Defendant Principal Funds failed to make a reasonable investigation and did not possess reasonable grounds for the belief that the statements contained in the Prospectus were accurate and complete in all material respects. Had it exercised reasonable care, Principal Funds would have known of the material misstatements and omissions alleged herein.

51.     As a direct result of the untrue statements of material facts and omissions contained in the Prospectus, Plaintiff and the Class have been damaged in the amount of the difference between the value of their shares using the trade price on the day that sale orders arrived at Principal Funds' P.O. Box in Boston and the value of their shares using the trade price on the following day that their sale orders arrived at Principal Funds' processing center in Canton.

52.     This Claim was brought within one year after discovery of the untrue statements and omissions in the Prospectus and within three years after the Funds' securities were sold to Plaintiff and members of the Class in connection with the Prospectus.

53.     By reason of its misconduct, as set forth above, Principal Funds violated Section 12 of the Securities Act and is liable to Plaintiff and the Class members who redeemed their

investments in the Principal Funds pursuant to the untrue statements and omissions in the Prospectus, each of whom has been damages as a result of such violations.

## CLAIM III

### Violations of Section 15 of the Securities Act
### (Against Principal Financial and Eucher)

54.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

55.    This Claim is brought pursuant to Section 15 of the Securities Act, 15 U.S.C. ' 77o against Principal Financial and Eucher.

56.    Principal Financial and Eucher had knowledge or reasonable grounds to believe that the Registration Statement and Prospectus contained false and misleading statements and omissions of material fact at the time that the Registration Statement and Prospectus were publicly disseminated.

57.    Principal Financial, appearing on the Prospectus as the principal of Principal Funds, and Eucher, as the individual who signed the Registration Statement as the Registrant on behalf of Principal Funds, were each control persons of Principal Funds. Principal Financial and Eucher each issued, caused to be issued, and/or participated in the issuance of the materially false and misleading statements contained in, or the material facts omitted from, the Prospectus. Pursuant to Section 15(a) of the Securities Act, by reason of the foregoing, Principal Financial and Eucher are each liable to the same extent as is Principal Funds for Principal Funds' aforementioned violations of Section 11 and 12(a)(2) of the Securities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

      (a)    declaring that this action is properly maintainable as a class action and

certifying plaintiff as a representative of the Class;

        (b)     for compensatory damages in favor of Plaintiff and the other members of the Class against all Defendants, jointly and severally, for the damages sustained as a result of the wrongdoings of Defendants, together with interest thereon;

        (g)     awarding Plaintiff the fees and expenses incurred in this action, including a reasonable allowance for fees for Plaintiff's attorneys and experts; and

        (h)     granting such other and further relief as may be just and proper.

Dated: December 1, 2010

**GELB & GELB LLP**

By:      /s/ Daniel K. Gelb
        Richard M. Gelb (BBO# 188240)
        rgelb@gelbgelb.com
        Daniel K. Gelb (BBO# 659703)
        dgelb@gelbgelb.com
        Stamenia Tzouganatos(BBO# 661509)
        stzouganatos@gelbgelb.com
        84 State Street, 4th Floor
        Boston, MA  02109
        Telephone:  (617) 345-0010
        Facsimile:  (617) 345-0009

        HARWOOD FEFFER LLP
        Robert I. Harwood
        Peter W. Overs, Jr.
        Roy Shimon
        488 Madison Avenue, 8th Floor
        New York, New York 10022
        Telephone:  (212) 935-7400
        Facsimile:  (212) 753-3630

        Attorneys for Plaintiff